United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 05-20513
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT NICHOLAS ANGLETON,

Defendant-Appellant.

---

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. 4:02-CR-269-1)

---

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert Nicholas Angleton appeals his conviction and sentence arguing that the

district court erred in (1) denying his motion to dismiss the indictment based on

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

1

allegations of unconstitutional prosecutorial vindictiveness, (2) denying his request for a downward adjustment to his guidelines range based on acceptance of responsibility, and (3) increasing his guideline range four levels under U.S.S.G. § 3B1.1(a) based on a finding that he had been an organizer or leader role in his criminal enterprise. We affirm his conviction and sentence for the following reasons:

1.    Angleton argues that the timing of the tax indictment, three days after arguments on his double jeopardy motion in his murder-for-hire case, coupled with the unsealing on the tax indictment and press release shortly after the district court's ruling on that motion, and his subsequent appeal of that decision, proves unconstitutional prosecutorial vindictiveness. We disagree.

The decision to bring a subsequent tax indictment was made, and acted upon, prior to the trial in Angleton's murder-for-hire case, and prior to a ruling on his double jeopardy motion in that case. The initial sealing of the indictment and the timing of the unsealing does not establish a presumption that the tax indictment was a product of prosecutorial vindictiveness. The government originally sealed the tax indictment to forestall any argument by the defendant that the tax indictment may somehow poison any potential jury panel for the murder-for-hire trial. Following the denial of Angleton's double jeopardy motion in his murder-for-hire case, and his subsequent interlocutory appeal of that decision, there was no longer an issue with poisoning the jury panel and the government promptly unsealed the indictment. Angleton has failed to demonstrate that circumstances

2

warranting a presumption of vindictiveness exist in this case. *United States v. Krezdorn*, 718 F.2d 1360, 1365 (5th Cir. 1983) (en banc). Since the presumption of prosecutorial vindictiveness does not apply, Angleton must prove actual vindictiveness, which he has failed to do. *United States v. Johnson*, 91 F.3d 695, 698 (5th Cir. 1996).

2.      Angleton also contends that the district court erred in denying him a two-level reduction for acceptance of responsibility. A district court's determination as to whether a defendant has accepted responsibility is afforded great deference on review. *United States v. Sanchez-Ruedas*, – F.3d –, 2006 WL 1589638, at *5 (5th Cir. June 12, 2006). The ruling "should not be disturbed unless it is without foundation." *Id.* (quoting *United States v. Roberson*, 872 F.2d 597, 610 (5th Cir. 1989)). The defendant has the burden of proving entitlement to a reduction in offense level for acceptance of responsibility. *Id.*

U.S.S.G. § 3E1.1 provides for reduction of the offense level "if the defendant clearly demonstrates acceptance of responsibility for his offense." Angleton resisted the prosecution for almost three years, and absconded. Angleton did not stipulate as to the amount of tax he evaded and left the government to estimate the amount from his notes and ledgers. Angleton minimized his operation in an attempt to reduce his sentence. Because there is some foundation for the district court's ruling, we affirm the denial of the reduction.

3.      Angleton next challenges the leader or organizer enhancement. Section

3

3.B.1.1(a) directs a sentencing court to increase a defendant's offense level by four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." To determine whether a defendant is an organizer/leader, the courts should consider:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1 cmt. n.4.

Angleton created and structured the B&G Enterpises business to avoid creating records that could end up in the hands of law enforcement. He used other bookmakers and his partner to bring in gambling clientele. He used phone men and bookmakers to place and pay off bets, and to create and deliver betting slips and longsheets to his partner, with whom he maintained daily contact. Angleton used his business office personnel to maintain records for the required monthly reporting to the IRS on Form 730 and to destroy the betting slips and audiotapes after the weekly reports were prepared and any problems resolved. Angleton structured his business so that records of the bookmaking operation, from which his actual tax liability could be calculated, were destroyed. The district court did not clearly err in finding that defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive.

AFFIRMED.